**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BOSE CORPORATION, | Civil Action No. 1:25-cv-10240 |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| FLEET CONNECT SOLUTIONS LLC, | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT NON-INFRINGEMENT**

Plaintiff Bose Corporation ("Plaintiff" or "Bose"), by and through its undersigned counsel, hereby files this Complaint against Fleet Connect Solutions LLC ("Defendant" or "Fleet Connect") for a declaratory judgment that Bose does not infringe certain of Fleet Connect's patents, and in support thereof alleges the following:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment under the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.  Bose seeks declarations that U.S. Patent Nos. 6,549,583 ("'583 Patent"); 6,633,616 ("'616 Patent"); 7,058,040 ("'040 Patent"); 7,260,153 ("'153 Patent"); 7,656,845 ("'845 Patent"); 7,742,388 ("'388 Patent"); and 8,005,053 ("'053 Patent") (collectively, the "Patents-in-Suit") are not and have not been infringed by Bose.

2.      An immediate, real, and justiciable controversy exists between Bose and Fleet Connect as to whether the Patents-in-Suit have been infringed by Bose.

## THE PARTIES

3.      Plaintiff Bose Corporation, a global leader in the research and development, manufacture, and sale of high-performance audio products, including home audio systems, speakers, noise cancelling and sports headphones, aviation and military headphones, and other products, is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 100 The Mountain Road, Framingham, Massachusetts 01701.

4.      Upon information and belief, Defendant Fleet Connect Solutions LLC is a limited liability company formed under the laws of the State of Texas with its registered office located in Austin, Texas.

## JURISDICTION AND VENUE

5.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

7.      The Court has personal jurisdiction over Fleet Connect because Fleet Connect has purposely conducted its patent enforcement activities in this District and towards Bose, a resident of this District.

8.      Fleet Connect's patent enforcement efforts have included sending a letter to Bose at its address in this District alleging Bose infringes each of the Patents-in-Suit.

9.      Fleet Connect has also filed a patent infringement lawsuit against another entity, TT Telematics USA, Inc., in this District.  *See Fleet Connect Solutions LLC v. TT Telematics USA Inc.*, Case No. 22-cv-11987 (D. Mass.).

10.     Accordingly, Fleet Connect has purposefully availed itself of the privileges and protections of this District and has thereby subjected itself to the personal jurisdiction of this Court.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### THE PATENTS-IN-SUIT

12.     On April 15, 2003, the United States Patent and Trademark Office ("USPTO") issued the '583 Patent, entitled "Optimum Phase Error Metric for OFDM Pilot Tone Tracking in Wireless LAN."  James A. Crawford is listed as the sole inventor on the face of the '583 Patent. The '583 Patent expired on or about February 21, 2021.  A copy of the '583 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

13.     On October 14, 2003, the USPTO issued the '616 Patent, entitled "OFDM Pilot Tone Tracking for Wireless LAN."  James A. Crawford is listed as the sole inventor on the face of the '616 Patent.  The '616 Patent and the '583 Patent are related.  Specifically, the application that led to the '616  Patent was a continuation-in-part of the application that led to the '583 Patent.  The '616 Patent expired on or about February 21, 2021.  A copy of the '616 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

14.     On June 6, 2006, the USPTO issued the '040 Patent, entitled "Channel Interference Reduction."  Dominik J. Schmidt is listed as the sole inventor on the face of the '040 Patent.  The '040 Patent expired on or about March 2, 2024.  A copy of the '040 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

15.     On August 21, 2007, the USPTO issued the '153 Patent, entitled "Multi Input Multi Output Wireless Communication Method and Apparatus Providing Extended Range and Extended Rate Across Imperfectly Estimated Channels."  Daniel Nathan Nissani (Nissensohn) is

listed as the sole inventor on the face of the '153 Patent. The term of the '153 Patent will end on or about April 22, 2025. A copy of the '153 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

16.    On February 2, 2010, the USPTO issued the '845 Patent, entitled "Channel Interference Reduction." Dominik J. Schmidt is listed as the sole inventor on the face of the '845 Patent. The '845 Patent expired on or about March 2, 2024. A copy of the '845 Patent is attached hereto as Exhibit 5 and incorporated herein by reference

17.    On June 22, 2010, the USPTO issued the '388 Patent, entitled "Packet Generation Systems and Methods." Daniel Shearer and Mark A. Webster are listed as the inventors on the face of the '388 Patent. The term of the '388  Patent will end on or about June 10, 2028. A copy of the '388 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

18.    On August 23, 2011, the USPTO issued the '053 Patent, entitled "Channel Interference Reduction." Dominik J. Schmidt is listed as the sole inventor on the face of the '053 Patent. The '053 Patent expired on or about September 21, 2021. A copy of the '053 Patent is attached hereto as Exhibit 7 and incorporated herein by reference.

19.    The '040 Patent, the '845 Patent and the '053 Patent are related. Specifically, the application that led to the '053 Patent was a division of the application that led to the '845 Patent, which was a continuation of the application that led to the '040 Patent.

20.    Fleet Connect purports to be the owner of each of the Patents-in-Suit.

## DEFENDANT'S CLAIMS GIVE RISE TO A JUSTICIABLE CONTROVERSY
## BETWEEN BOSE AND FLEET CONNECT

21.     On November 15, 2024, Fleet Connect filed a patent infringement lawsuit against Bose in the U.S. District Court for the Eastern District of Texas asserting that Bose infringes each of the Patents-in-Suit.  *See Fleet Connect Solutions LLC v. Bose Corp.*, Case No. 2:24-cv-00941 (E.D. Tex.) ("the EDTX Suit").

22.     Bose is not incorporated in Texas and does not have any places of business in Texas.  Therefore, under 28 U.S.C. § 1400(b), which is the sole provision controlling venue in patent infringement actions, venue over Bose is improper in Texas.  *See*, *e.g.*, *Koss Corp. v. Bose Corp.*, No. 20-cv-00661, 2021 U.S. Dist. LEXIS 122330, at *2, *6-*13 (W.D. Tex. Jun. 22, 2021).  The EDTX Suit, thus, should be dismissed for improper venue under 28 U.S.C. § 1400(b) and Bose intends to file a motion to dismiss the EDTX Suit on that basis if Fleet Connect does not voluntarily dismiss it.  *Id.*

23.     In the EDTX Suit, Fleet Connect defines the "Accused Products" as the "Bose Portable Smart Speaker, Bose Smart Soundbar, Bose Music Amplifier, Bose Smart Soundbar, and Bose Smart Speaker." (hereinafter, the "Accused Products").  *See Fleet Connect Solutions LLC v. Bose Corp.*, Case No. 2:24-cv-00941 (E.D. Tex.), Compl., Dkt. No. 1, at ¶ 12.

24.     In the EDTX Suit, Fleet Connect alleges, *inter alia*, that Bose has directly infringed each of the Patents-in-Suit "by manufacturing, providing, supplying, using, distributing, selling, or offering to sell the Accused Products" or "by importing, selling, manufacturing, offering to sell, using, providing, supplying, or distributing the Accused Products."  *See Fleet Connect Solutions LLC v. Bose Corp.*, Case No. 2:24-cv-00941 (E.D. Tex.), Compl., Dkt. No. 1, at ¶¶ 22, 30, 38, 51, 65, 80, and 94.

25.     Accordingly, there is a justiciable controversy between Fleet Connect and Bose as to Bose's alleged direct infringement of the Patents-in-Suit.

26.     In the EDTX Suit, Fleet Connect also alleges, *inter alia*, that Bose has "indirectly infringed and continues to indirectly infringe" by allegedly inducing and contributing to the infringement of at least the '040 Patent, the '153 Patent, the '845 Patent, and the '388 Patent. *See Fleet Connect Solutions LLC v. Bose Corp.*, Case No. 2:24-cv-00941 (E.D. Tex.), Compl., Dkt. No. 1, at ¶¶ 39, 40, 52, 53, 66, 67, 81, 82. There is thus also a justiciable controversy between Fleet Connect and Bose as to Bose's alleged indirect infringement of the '040 Patent, the '153 Patent, the '845 Patent, and the '388 Patent.

27.     Bose has a direct and substantial interest in defeating any claims relating to its Accused Products and the alleged infringement of the Patents-in-Suit. That interest is based on the accusations of direct and indirect infringement against Bose's Accused Products, which has cast a cloud over those products.

28.     An actual, substantial, and continuing justiciable controversy exists between Bose and Fleet Connect as to whether or not Bose has infringed any claims of the Patents-in-Suit, directly or indirectly. Bose and Fleet Connect have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the Patents-in-Suit.

## <u>COUNT I</u>
**(Declaratory Judgment of Non-Infringement of the '583 Patent)**

29.     Bose restates and realleges the allegations set forth in paragraphs 1 through 28 above and incorporates them herein by reference.

30.    In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 1 of the '583 Patent.  Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '583 Patent.

31.    None of the Accused Products infringe or have infringed any of the claims of the '583 Patent.

32.    Exemplary Claim 1 of the '583 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method of pilot phase error estimation in an orthogonal frequency division multiplexed (OFDM) receiver comprising: |
| 1[a] | determining pilot reference points corresponding to a plurality of pilots of an OFDM preamble waveform; and |
| 1[b] | estimating an aggregate phase error of a subsequent OFDM data symbol relative to the pilot reference points using complex signal measurements corresponding to each of the plurality of pilots of the subsequent OFDM data symbol and the pilot reference points; |
| 1[c] | wherein the estimating step comprises performing a maximum likelihood-based estimation using the complex signal measurements corresponding to each of the plurality of pilots of the subsequent OFDM data symbol and the pilot reference points. |

33.    Bose has not infringed any claim of the '583 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

34.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '583 Patent.

35.    By way of example, the Accused Products do not satisfy at least limitation 1[b] of Claim 1 of the '583 Patent.

36.     All of the claims of the '583 Patent either recite a limitation corresponding to or similar to limitation 1[b], or depend from a claim that recites this limitation. Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Bose does not infringe and has not infringed any claim of the '583 Patent for at least the same reason described above for Claim 1.

37.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '583 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '583 Patent.

38.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '583 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

39.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '583 Patent. Accordingly, Bose seeks a judgment declaring that the claims of the '583 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

## <u>COUNT II</u>
### (Declaratory Judgment of Non-Infringement of the '616 Patent)

40.     Bose restates and realleges the allegations set forth in paragraphs 1 through 39 above and incorporates them herein by reference.

41.     In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 12 of the '616 Patent. Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '616 Patent.

42.     None of the Accused Products infringe or have infringed any of the claims of the '616 Patent.

43.    Exemplary Claim 12 of the '616 Patent recites:

| Limitation | Claim Language |
|---|---|
| 12[Preamble] | A method of pilot phase error estimation in an orthogonal frequency division multiplexed (OFDM) receiver comprising: |
| 12[a] | determining pilot reference points corresponding to a plurality of pilots of an OFDM preamble waveform; |
| 12[b] | processing, in a parallel path to the determining step, the OFDM preamble waveform with a fast Fourier transform; |
| 12[c] | determining a phase error estimate of a subsequent OFDM symbol relative to the pilot reference points; and |
| 12[d] | processing, in the parallel path to the determining step, the subsequent OFDM symbol with the fast Fourier transform; |
| 12[e] | wherein the determining the phase error estimate step is completed prior to the completion of the processing the subsequent OFDM symbol with the fast Fourier transform in the parallel path. |

44.    Bose has not infringed infringe any claim of the '616 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

45.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '616 Patent.

46.    By way of example, the Accused Products do not satisfy at least limitation 12[b] of Claim 12 of the '616 Patent.

47.    All of the claims of the '616 Patent either recite a limitation corresponding to or similar to limitation 12[b], or depend from a claim that recites this limitation.  Dependent claims cannot be infringed if the independent claim from which they depend is not infringed.

Therefore, Bose does not infringe and has not infringed any claim of the '616 Patent for at least the same reasons described above for Claim 12.

48.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '616 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '616 Patent.

49.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '616 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

50.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '616 Patent.  Accordingly, Bose seeks a judgment declaring that the claims of the '616 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

## <u>COUNT III</u>
### (Declaratory Judgment of Non-Infringement of the '040 Patent)

51.     Bose restates and realleges the allegations set forth in paragraphs 1 through 50 above and incorporates them herein by reference.

52.     In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 1 of the '040 Patent.  Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '040 Patent.

53.     None of the Accused Products infringe or have infringed any of the claims of the '040 Patent.

54. Exemplary Claim 1 of the '040 Patent recites:

| Limitation | Claim Language |
| --- | --- |
| 1[Preamble] | A method for data transmission over first and second media that overlap in frequency, comprising: |
| 1[a] | computing one or more time division multiple access (TDMA) time-slot channels to be shared between the first and second media for data transmission; |
| 1[b] | allocating one or more time-slot channels to the first medium for data transmission; |
| 1[c] | allocating one or more of the remaining time-slot channels to the second medium for data transmission; and |
| 1[d] | dynamically adjusting a number of time-slot channels assigned to one of the first and second media during the data transmission to remain within limits of a desired level of service. |

55. Bose has not infringed infringe any claim of the '040 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

56. None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '040 Patent.

57. By way of example, the Accused Products do not satisfy at least limitation 1[d] of Claim 1 of the '040 Patent.

58. All of the claims of the '040 Patent either recite a limitation corresponding to or similar to limitation 1[d], or depend from a claim that recites this limitation.  Dependent claims cannot be infringed if the independent claim from which they depend is not infringed.

Therefore, Bose does not infringe and has not infringed any claim of the '040 Patent for at least the same reason described above for Claim 1.

59.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '040 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '040 Patent.

60.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '040 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

61.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '040 Patent.  Accordingly, Bose seeks a judgment declaring that the claims of the '040 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

## COUNT IV
### (Declaratory Judgment of Non-Infringement of the '153 Patent)

62.     Bose restates and realleges the allegations set forth in paragraphs 1 through 61 above and incorporates them herein by reference.

63.     In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 1 of the '153 Patent.  Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '153 Patent.

64.     None of the Accused Products infringe or have infringed any of the claims of the '153 Patent.

65.    Exemplary Claim 1 of the '153 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method for evaluating a channel of a multiple-input multiple-output (MIMO) wireless communication system, wherein said communication system comprises at least two communication devices having a plurality of radiating elements for the parallel transmission of data sub-streams, comprising: |
| 1[a] | defining a channel matrix metric, said channel matrix metric comprising a respective predefined function of channel matrix singular values for each of said data sub-streams, such that each of said predefined functions provides a measure of cross-talk signal to noise ratio (SNR) for said respective sub-stream; |
| 1[b] | obtaining an estimated channel matrix; |
| 1[c] | performing a singular value decomposition (SVD) of said estimated channel matrix to obtain estimated channel singular values, said singular value decomposition comprising a left-hand unitary weighting matrix, a diagonal matrix of said estimated channel singular values, and a right-hand unitary weighting matrix; and |
| 1[d] | calculating a respective crosstalk measure for each of said sub-streams from said channel matrix metric and said estimated channel singular values |

66.    Bose has not infringed and does not infringe any claim of the '153 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

67.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '153 Patent.

68.    By way of example, the Accused Products do not satisfy at least limitation 1[a] of Claim 1 of the '153 Patent.

69.    All of the claims of the '153 Patent either recite a limitation corresponding to or similar to limitation 1[a] of Claim 1, or depend from a claim that recites this limitation.

Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Bose does not infringe and has not infringed any claim of the '153 Patent for at least the same reason described above for Claim 1.

70.    Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '153 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '153 Patent.

71.    A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '153 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

72.    Bose is entitled to a declaration that it has not and does not infringe any claim of the '153 Patent. Accordingly, Bose seeks a judgment declaring that the claims of the '153 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

### **COUNT V**
**(Declaratory Judgment of Non-Infringement of the '845 Patent)**

73.    Bose restates and realleges the allegations set forth in paragraphs 1 through 72 above and incorporates them herein by reference.

74.    In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 1 of the '845 Patent. Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '845 Patent.

75.    None of the Accused Products infringe or have infringed any of the claims of the '845 Patent.

76.    Exemplary Claim 1 of the '845 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method comprising: |
| 1[a] | a base station allocating at least one of a plurality of data channels to a first medium for data transmission via a wireless device; |
| 1[b] | the base station allocating at least one remaining data channel of the plurality of data channels to a second medium for data transmission via the wireless device; and |
| 1[c] | the base station dynamically adjusting, during data transmission, a number of the data channels assigned to one of the first and second media to remain within limits of a desired level of service. |

77.    Bose has not infringed any claim of the '845 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

78.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '845 Patent.

79.    By way of example, the Accused Products do not satisfy at least limitation 1[a] of Claim 1 of the '845 Patent.

80.    All of the claims of the '845 Patent either recite a limitation corresponding to or similar to limitation 1[a], or depend from a claim that recites this limitation.  Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Bose does not infringe and has not infringed any claim of the '845 Patent for at least the same reason described above for Claim 1.

81.    Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '845 Patent that warrants

issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '845 Patent.

82.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '845 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

83.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '845 Patent.  Accordingly, Bose seeks a judgment declaring that the claims of the '845 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

## COUNT VI
### (Declaratory Judgment of Non-Infringement of the '388 Patent)

84.     Bose restates and realleges the allegations set forth in paragraphs 1 through 83 above and incorporates them herein by reference.

85.     In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 1 of the '388 Patent.  Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '388 Patent.

86.     None of the Accused Products infringe or have infringed any of the claims of the '388 Patent.

87.     Exemplary Claim 1 of the '388 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method comprising: |
| 1[a] | generating a packet with a size corresponding to a protocol used for a network transmission, wherein the packet comprises a preamble having a first training symbol and a second training symbol; |

| Limitation | Claim Language |
| --- | --- |
| 1[b] | increasing the size of the packet by adding subcarriers to the second training symbol of the packet to produce an extended packet, wherein a quantity of subcarriers of the second training symbol is greater than a quantity of subcarriers of the first training symbol; and |
| 1[c] | transmitting the extended packet from an antenna. |

88.     Bose has not infringed and does not infringe any claim of the '388 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

89.     None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '388 Patent.

90.     By way of example, the Accused Products do not satisfy at least limitation 1[b] of Claim 1 of the '388 Patent.

91.     All of the claims of the '388 Patent either recite a limitation corresponding to or similar to limitation 1[b], or depend from a claim that recites this limitation.  Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Bose does not infringe and has not infringed any claim of the '388 Patent for at least the same reason described above for Claim 1.

92.     Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '388 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '388 Patent.

93.     A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '388 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

94.     Bose is entitled to a declaration that it has not and does not infringe any claim of the '388 Patent.  Accordingly, Bose seeks a judgment declaring that the claims of the '388 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

<u>**COUNT VII**</u>
**(Declaratory Judgment of Non-Infringement of the '053 Patent)**

95.     Bose restates and realleges the allegations set forth in paragraphs 1 through 94 above and incorporates them herein by reference.

96.     In the EDTX Suit, Fleet Connect asserts that the Accused Products infringe at least Claim 1 of the '053 Patent.  Thus, there is an actual controversy between Bose and Fleet Connect as to Bose's alleged infringement of the '053 Patent.

97.     None of the Accused Products infringe or have infringed any of the claims of the '053 Patent.

98.     Exemplary Claim 1 of the '053 Patent recites:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | An apparatus comprising: |
| 1[a] | a first wireless transceiver configured to communicate data according to a first wireless protocol; |
| 1[b] | a second wireless transceiver configured to communicate data according to a second wireless protocol that is different from the first wireless protocol; and |
| 1[c] | a controller configured to select one of the first and second wireless transceivers to communicate data of both the first and second wireless protocols, wherein the apparatus is configured to encode data of the wireless protocol for the unselected transceiver into data of the wireless protocol for the selected transceiver. |

99.    Bose has not infringed any claim of the '053 Patent, directly or indirectly, literally or under the doctrine of equivalents, by manufacturing, providing, supplying, using, distributing, selling, offering to sell, and/or importing the Accused Products or via any other means.

100.    None of Bose's employees, contractors, agents, customers, or any other entity or individual associated with Bose has ever used any of the Accused Products in a manner that infringes any claim of the '053 Patent.

101.    By way of example, the Accused Products do not satisfy at least limitation 1[c] of Claim 1 of the '053 Patent.

102.    All of the claims of the '053 Patent either recite a limitation corresponding to or similar to limitation 1[c], or depend from a claim that recites this limitation.  Dependent claims cannot be infringed if the independent claim from which they depend is not infringed. Therefore, Bose does not infringe and has not infringed any claim of the '053 Patent for at least the same reason described above for Claim 1.

103.    Based on the foregoing, an actual controversy has arisen and now exists between Bose and Fleet Connect regarding Bose's alleged infringement of the '053 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that Bose has not infringed any claim of the '053 Patent.

104.    A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '053 Patent, including its rights to manufacture, use, offer to sell, sell, and/or import the Accused Products.

105.    Bose is entitled to a declaration that it has not and does not infringe any claim of the '053 Patent.  Accordingly, Bose seeks a judgment declaring that the claims of the '053 Patent are not infringed by any of the Accused Products as Fleet Connect alleges.

## PRAYER FOR RELIEF

**WHEREFORE**, Bose prays for a judgment in its favor, including:

A.      A declaration that Bose has not infringed any claim of the '583 Patent;

B.      A declaration that Bose has not infringed any claim of the '616 Patent;

C.      A declaration that Bose has not infringed any claim of the '040 Patent;

D.      A declaration that Bose has not and does not infringe any claim of the '153 Patent;

E.      A declaration that Bose has not infringed any claim of the '845 Patent;

F.      A declaration that Bose has not and does not infringe any claim of the '388 Patent;

G.      A declaration that Bose has not infringed any claim of the '053 Patent;

H.      An injunction against Fleet Connect, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging that any Bose product, service, or technology, or others' use thereof, infringes any claim of any of the Patents-in-Suit;

I.      A declaration that this case is exceptional under 35 U.S.C. § 285;

J.      An award of Bose's reasonable attorneys' fees, costs, and expenses incurred in this action under 35 U.S.C. § 285 or any other federal statute, any applicable Massachusetts statutes, and/or common law; and

K.      An award of such other and further relief in law or in equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution, Bose hereby demands a trial by jury in this action of all issues so triable.

DATED:  January 31, 2025                    Respectfully submitted,

                                            /s/ Sharona H. Sternberg
                                            Sharona H. Sternberg (BBO #682384)
                                            Katherine W. Soule (BBO #703965)
                                            **SUNSTEIN LLP**
                                            100 High Street, 20th Floor
                                            Boston, Massachusetts 02110
                                            Telephone: (617) 443-9292
                                            Facsimile: (617) 443-0004
                                            Email: ssternberg@sunsteinlaw.com
                                            Email: ksoule@sunsteinlaw.com

                                            Michael J. Zinna (*Pro Hac Vice* forthcoming)
                                            Vincent M. Ferraro (*Pro Hac Vice* forthcoming)
                                            **KELLEY DRYE & WARREN LLP**
                                            3 World Trade Center
                                            175 Greenwich Street
                                            New York, New York 10007
                                            Telephone: (212) 808-7800
                                            Facsimile: (212) 808-7897
                                            Email: mzinna@kelleydrye.com
                                            Email: vferraro@kelleydrye.com

                                            *Attorneys for Plaintiff*
                                            *Bose Corporation*